KENDALL v. CLARKE.

(City Court of New York, General Term. February 28, 1901.)

LANDLORD AND TENANT—RENT—WHEN DUE—LEASE—DUPLICATE.

A lease was executed in duplicate. The lessor's copy provided that the rent was to be paid in equal monthly payments in advance on the 1st day of each month. The lessee's copy contained the same provision, except that the day of payment was blank. Action was brought August 11th to recover unpaid rent for June, July, and August. *Held* sufficient to support a verdict for the lessor, since both leases provided for the payment of the rent monthly in advance, and if no date is fixed in one copy it would follow that the monthly rent payable in advance is payable on the 1st day of the month, and hence the action is not prematurely brought.

Appeal from trial term.

Action by Susan R. Kendall against Estelle Clarke. From a verdict in favor of plaintiff, and judgment thereon, defendant appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Joseph Martin and Wm. McCloskey, for appellant.
Noah C. Rodgers and Charles C. Knott, Jr., for respondent.

PER CURIAM. The lease of the premises was executed in duplicate for the term of two years from the 1st day of October, 1899. The copy retained by the plaintiff provided that the yearly rent be paid in equal monthly payments in advance on the 1st day of each and every month. The copy retained by the defendant provided that the yearly rent be paid in equal monthly payments on the ———— day of each and every month. Possession under the lease, and nonpayment of the rent sued for, were admitted. The defendant insists that under the lease the rent is due on the last day of the month, and hence that the action was prematurely brought. The action is brought to recover the rent for the months of June, July, and August, 1900, and was commenced on August 11, 1900. It thus appears that, if there were any force whatever in the point raised by the de-

fendant, at least the rent for the months of June and July was due at the time the action was commenced; but we are of opinion that there is no merit in the point made. Both leases provide that the term shall commence on the 1st day of October, and that the yearly rent is to be paid in equal monthly payments in advance; and, if no date was fixed in the copy retained by the plaintiff, it would follow that the monthly rent payable in advance is due and payable on the 1st day of the month.

The judgment appealed from should be affirmed, with costs.